# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ARENDI S.A.R.L.,

    Plaintiff,

v.

HTC CORP. a/k/a HIGH TECH COMPUTER, CORP., HTC AMERICA, INC.,

    Defendants.

Civil Action No. 2:18-cv-1725-BJR

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

Plaintiff Arendi S.A.R.L. requests that this Court reconsider the November 17, 2019 order staying this case pending resolution of related cases in the District of Delaware. Dkt. Nos. 147, 149. Defendants oppose the motion. Dkt. No. 156. Having reviewed the motion, the opposition thereto, the record of the case, and the relevant legal authorities, the Court will grant the motion for reconsideration. The reasoning for the Court's decision follows.

## II. BACKGROUND

Plaintiff Arendi S.A.R.L. ("Arendi") initiated this case against Defendants HTC Corp. a/k/a High Tech Computer Corp. ("HTC"), a Taiwanese corporation, and HTC America, Inc. ("HTC America"), a wholly owned subsidiary of HTC that is incorporated under the laws of the State of Washington (collectively "Defendants"). Arendi alleges that Defendants have infringed and continue to infringe United States Patents No. 7,917,843 ("the '843 patent") and No.

8,306,993 ("the '993 patent"). This lawsuit is one of ten lawsuits Arendi filed against multiple technology entities in 2012 and 2013 in the District of Delaware. The cases were consolidated and assigned to the Honorable Chief Judge Leonard Stark. However, in November 2018, pursuant to a joint stipulation between Arendi and Defendants, the claims related to Defendants were transferred to this district. The other consolidated cases remain in the District of Delaware before Judge Stark.

Per the parties' request, this Court scheduled a technology tutorial and claim construction hearing for September 16, 2019. Ten days before the scheduled hearing, the parties submitted a joint prehearing statement and amended claim chart in which they notified the Court that Judge Stark had recently construed six of the ten terms of the '843 and '993 patents that are also before this Court. *See* Dkt. No. 145.

The tutorial and claim construction hearing was held on September 16 as scheduled and during the hearing, this Court raised the possibility of transferring HTC—the Taiwanese corporation—back to the District of Delaware while retaining the portion of the case that relates to HTC America—the Washington corporation. Arendi did not object to the Court's suggestion; Defendants objected, arguing that it would be prejudicial to HTC to rejoin the Delaware proceeding mid-litigation. Defendants instead requested that this Court stay the entire case before it pending resolution of the Delaware cases. The Court adopted Defendants' suggestion and stayed this matter pending resolution of the Delaware cases. Dkt. No. 147.

Arendi now moves the Court to reconsider its decision. It requests that the stay be lifted as to HTC, the Taiwanese corporation, and that its claims against HTC be transferred to the District Court of Delaware. Dkt. No. 149. Arendi argues that lifting the stay and transferring the case to the District of Delaware is appropriate because its case against HTC is properly venued in the

District of Delaware and Arendi never would have consented to transfer it here only to have it stayed. Arendi also claims that HTC will not be prejudiced by rejoining the consolidated cases in Delaware because those cases are not significantly ahead of the schedule in this case. Lastly, Arendi argues that HTC recently underwent a "radical" business transformation and an indefinite stay "would all but ensure that witnesses familiar with the HTC products at issue in this case" will no longer be "employed by HTC when it finally comes time for depositions and trial." Dkt. No. 149 at 4-5.

Defendants counter that the parties entered into a stipulated agreement to transfer Arendi's claims against both HTC and HTC America to this district and Arendi cannot now void that agreement. Defendants argue that transferring the claims against HTC back to the District of Delaware would be prejudicial to HTC because it would be denied the benefit of its bargain in agreeing to transfer both HTC American and HTC to this district, it would be required to litigate the same issues in two different districts, and it will not have the opportunity to present oral argument to Judge Stark on claim construction.

### III.  STANDARD OF REVIEW

A Court in this district may reconsider its prior decision pursuant to Local Rule 7(h)(1) if there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. *See Aronson v. Dog Eat Dog Films*, 738 F. Supp. 2d 1104, 1118 (W.D. Wash. 2010). Local Rule 7(h) is the functional equivalent of a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *Id.* citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of

judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore *et al.*, Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Rule 59(e) amendments are appropriate if the district court '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003) (quoting *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

## IV. DISCUSSION

In reaching the decision to stay the instant case pending resolution of the related consolidated cases in the District of Delaware, the Court was cognizant of the limited resources available to the judiciary and the need to expend those resources efficiently. It appeared to the Court not only a tremendous waste of resources to have this district court construe nearly identical terms in the same patents that are already before the esteemed Chief Judge of the District of Delaware, but also an extremely inefficient use of Arendi's and Defendants' own resources. The inefficiency was highlighted by the fact that Judge Stark issued a decision construing six of the ten claim terms this Court was asked to construe just two weeks before this Court was scheduled to hear arguments on those terms. In construing those claims, Judge Stark analyzed the same terms, specifications, prosecution history, and learned treatises this Court was asked to examine. This is the definition of inefficiency and that is why this Court *sua sponte* raised the notion of staying the instant case pending resolution of the cases in Delaware. Furthermore, allowing the cases to proceed in parallel presents the risk of inconsistent rulings, a result to be especially avoided in patent cases. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390 (1996) (noting "the importance of uniformity in the treatment of a given patent").

4

At the time, Arendi did not object to the Court's proposal; however, Arendi also did not have an opportunity to prepare for the Court's proposal. With the instant motion for reconsideration, Arendi has convinced this Court that it would be prejudicial to stay Arendi's claims against both HTC and HTC America, and that the better course of action is to maintain the stay as to HTC America, but transfer Arendi's claims against HTC back to Delaware where they are properly venued.[1]

Defendants argue that sending HTC back to Delaware would be "inefficient and prejudicial" because it would necessitate "separate trials, in different districts, with many of the same witnesses having to appear in both." Dkt. No. 156 at 7. The Court disagrees with Defendants. First, the Court highly doubts that separate trials—if indeed two trials actually occurred—would be as duplicative as Defendants suggest given that claim construction and discovery can be easily imported from the related consolidated cases in Delaware to this Court. Second, allowing the cases in Delaware to proceed while the instant case is stayed helps ensure that inconsistent rulings are not reached between the two districts. *See Markman*, 517 U.S. at 391 (quoting H.R. Rep. No. 97-312, pp. 20-23 (1981) ("increased uniformity would 'strengthen the United States patent system in such a way as to foster technological growth and industrial innovation'").

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Arendi's motion for reconsideration. The stay in this case is lifted and Arendi's claims against HTC are transferred to Chief Judge Stark in the District of Delaware. The stay is reset as to Arendi's claims against HTC America and the

---

[1] The Honorable Judge Stark has agreed to the case being returned to his district to be tried along with the related consolidated cases currently before him.

parties are instructed to provide a joint status report every six months until such time that the stay is lifted.

Dated this 18th day of November 2019.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge